UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| JEROME MCGINNIS | CIVIL ACTION NO. 24-1744-P |
| VERSUS | JUDGE HICKS |
| TERRANCE HAULEY, ET AL. | MAGISTRATE JUDGE HORNSBY |

### REPORT & RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Jerome McGinnis ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on December 12, 2024. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He names Terrance Hauley, Sgt. Walker, and Sgt. Harris as defendants.

According to Plaintiff, Sgt. Harris and Sgt. Walker operate the canteen on the northside compound at David Wade Correctional Center. He claims the facility staff states that prices are always subject to change. He claims the prices of items increase every week. He argues that the increase in prices is inflation and inflation is illegal.

Plaintiff also claims the staff has been secretly charging state and local tax. He argues that the inmates do not make minimum wage and do not receive tax returns. He claims the acts of the staff are malicious, fraudulent, malum in se, and malum prohibitum. Plaintiff

further claims the staff deceives, tricks, cheats, and designs. He claims the staff is committing criminal fraud because their acts are done for an evil purpose.

Plaintiff claims that the money the inmates receive from others is kept in an account at David Wade Correctional Center and is called reserve, drawing, and savings. He argues that a tax cannot be charged on a gift. He states that the only way to know that a tax is being taken out is by getting a canteen log statement from inmate banking. He claims support service adjusts the prices when they see fit. He claims Colonel Terrance Hauley and support service are over the canteen, mailroom, and warehouse.

Plaintiff claims Sgt. Harris and Sgt. Walker are responsible for taking the money out of the inmate accounts and distributing the canteen items. He claims Sgt. Harris and Sgt. Walker know that the canteen is charging a tax. He claims Sgt. Harris and Sgt. Walker print out an inventory price list which does not show a tax. He claims the inventory list only shows the retail price and stock number of items. He claims the receipts that are printed and handed to the inmates do not show a tax, only total purchase, accrued sale, spending limit, reserve balance, drawing balance, number of items purchased, and item number. He claims the facility has an EIN number and is exempt from taxes, therefore it does not pay retail price for any item. Plaintiff claims the inmates are spending money without knowing the real price of the items and they are paying a state and local tax with no earned income credit. He argues this is fraud, extortion, and cruel and unusual punishment.

Accordingly, Plaintiff seeks declaratory relief, monetary compensation, and punitive and substantive damages.

For the following reasons, Plaintiff's complaint should be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## LAW AND ANALYSIS

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Section 1997e requires Plaintiff to properly exhaust available administrative remedies before filing a Section 1983 suit. See Woodford v. Ngo, 126 S.Ct. 2378 (2006). This exhaustion requirement requires proper exhaustion of administrative remedies in accordance with prison procedures, and an untimely or otherwise procedurally defective grievance or appeal will not suffice. Woodford, 126 S.Ct. 2378. The Fifth Circuit has applied the requirement to claims such as the use of excessive force, see Wendell, 162 F.3d at 887, and denial of medical care. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). Failure to exhaust administrative remedies is an affirmative defense, and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). However, dismissal may be appropriate when, the complaint on its face establishes the inmate's failure to exhaust. See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir.2007); Hicks v. Lingle, 370 Fed. Appx. 497, 498 (5th Cir.2010).

After reviewing Plaintiff's complaint, the court finds Plaintiff has failed to properly exhaust administrative remedies. Plaintiff admits he did not file a grievance in the administrative remedy process [Doc. 1, pp. 2 and 7].

Accordingly;

It is recommended that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this the 21st day of March, 2025.

Mark L. Hornsby
U.S. Magistrate Judge